UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEAN MAITE FRANCIS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY MCKINNEY, et al.,<br><br>Defendants. | Case No. 24-cv-01140-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 84 |

The motion to dismiss is denied. This ruling assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

1. It's easy to conclude that Francis has stated a *Bivens* claim against the Dublin Defendants. She alleges that she was pregnant, that she was having many serious complications, that she begged the defendants repeatedly for medical assistance, and that the defendants effectively ignored the concerns she was expressing—failing, among other things, to get her examined by an OB/GYN for five months. She also alleges that each of the defendants knew she was pregnant, knew of her complaints regarding the complications she was experiencing, and knew that nobody at the prison was responding. Her claim against these defendants does not meaningfully differ from the claims in *Carlson v. Green*, 446 U.S. 14 (1980), *Stanard v. Dy*, 88 F.4th 811 (9th Cir. 2023), and *Watanabe v. Derr*, No. 23-15605, 2024 WL 4097456 (9th Cir. Sept. 6, 2024). And contrary to the government's argument, Francis's claim is not limited to allegations of a systemic failure; she plausibly alleges knowledge of and involvement by each of the Dublin Defendants (including the wardens and the Western Regional Medical Director) in the decision to ignore her medical needs.

For similar reasons, the Dublin Defendants are not entitled to qualified immunity at the

pleading stage. Deliberately ignoring well-articulated pleas for medical assistance from a pregnant inmate experiencing serious complications is obviously a violation of clearly established law. *See Hope v. Pelzer*, 536 U.S. 730, 740 (2002); *Jett v. Penner*, 439 F.3d 1091, 1097–98 (9th Cir. 2006). It may turn out, of course, that the evidence paints a picture different from the allegations, and the Dublin Defendants are free to renew their qualified immunity argument (and perhaps even their *Bivens* argument) at the summary judgment stage.

      2. The arguments made by the government on behalf of the Transfer Defendants are perhaps a bit stronger, but still not very strong. According to the complaint, these defendants came to Francis's cell to initiate the transfer from Dublin to Victorville; forced her off the floor when she resisted the transfer; put her onto a gurney; strapped her down by her thighs, ankles, shoulders; restrained her arm behind her back; and kept her restrained in this manner for 10-15 minutes before putting her in the transport vehicle. All while she was seven and a half months pregnant. The complaint further alleges that the defendants acted out of spite, with one of the defendants taunting her and saying, "if you want to play, we'll play." A congressional statute, not to mention common sense, makes clear that this conduct is medically dangerous. The statute provides that when a prisoner is pregnant, guards may not place restraints "around the ankles, legs, or waist" or restrain her "hands behind her back." 18 U.S.C. § 4322(b)(3)(A)(i)–(ii). The complaint alleges that the guards were aware of this rule. And all this happened while the defendants were under a federal court order to ensure that Francis receive adequate care for her pregnancy—an order necessitated by the apparently deliberate refusal by the Dublin Defendants to provide any care at all.

      The government's primary response on the issue of *Bivens* liability is that the Transfer Defendants are prison guards, not medical personnel. But there's no indication from *Carlson* or *Stanard* that only medical personnel can be defendants in a *Bivens* case involving deprivation of medical care. Indeed, when inmates are denied constitutionally adequate medical care, it is often through the failure of prison guards to respond to a prisoner's request for treatment of an obvious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (explaining that deliberate

indifference to serious medical needs can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care"); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Gordon v. County of Orange*, 888 F.3d 1118, 1121 (9th Cir. 2018). Absent some indication from the Supreme Court or the Ninth Circuit that the distinction between medical personnel and prison guards matters, this Court declines to hold that the Transfer Defendants fall outside the ambit of *Bivens* simply because they are not medical personnel. This is particularly true where Congress has enacted a health-related statute, directed at prison guards, prohibiting precisely the conduct that is alleged to have occurred here. For similar reasons, the Transfer Defendants are not entitled to qualified immunity at the pleading stage.

      3. The government makes stronger arguments on behalf of the Victorville Defendants. Indeed, the Court would not be surprised if the evidence ultimately showed that these defendants were merely neglectful, or that they would at least be entitled to qualified immunity for any constitutional violation. But the complaint alleges that: (1) Francis arrived at Victorville seven and a half months pregnant under a federal court order to provide adequate care, including an OB/GYN visit every two weeks; (2) the Victorville Defendants deliberately ignored this requirement by failing to provide a visit for many weeks; and (3) that failure led to further serious complications in her pregnancy. For the reasons already stated with respect to the Dublin Defendants, this is similar enough to *Carlson*, *Stanard*, and *Watanabe* to fall within the ambit of *Bivens*, and the Victorville Defendants are not entitled to qualified immunity at the pleading stage.

      **IT IS SO ORDERED.**

Dated: September 25, 2024

                                                                                VINCE CHHABRIA
                                                                                United States District Judge